IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02550-OES

JUSTIN JOSEPH RUEB,

     Plaintiff,

v.

ADAMS COUNTY, CO,
ADAMS COUNTY SHERIFF, and
MELANIE GREGORY,

     Defendants.

---

## ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff Justin Joseph Rueb is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and unspecified injunctive and declaratory relief.

     The Court must construe the complaint liberally because Mr. Rueb is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rueb will be ordered to file an amended complaint.

     Mr. Rueb claims that from June 1, 2003, through October 29, 2003, he was subjected to nude strip and body cavity searches when he was a pretrial detainee at the

Adams County Detention Facility. He contends that the defendants, and other entities and individuals not named in the caption to but included in the text of the complaint, conspired to subject him to unreasonable searches and seizures of his nude body.

Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. In the amended complaint he will be ordered to submit, Mr. Rueb must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Rueb must include in the caption to the amended complaint each defendant he intends to sue. *See* Rule 10(a) of the Federal Rules of Civil Procedure. Mr. Rueb also must assert clearly in the amended complaint each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

2

1993).  A defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rueb is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Rueb should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Rueb file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rueb, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Rueb submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Rueb fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be

3

dismissed without further notice.

DATED at Denver, Colorado, this 6th day of January , 2006.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

**BOYD N. BOLAND**
**United States Magistrate Judge**

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  05-cv-02550-OES

Justin Joseph Rueb
Prisoner No.  94567
CSP  – Unit C6-113
P.O. Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/6/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk